ID# 2021-0111666-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**21106481**
Robert E. Flournoy III - 40
AUG 25, 2021 09:19 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| VICKIE SHELLMAN, <br>       Plaintiff, <br><br> VS. <br><br><br> PUBLIX STORE 0505, as self and d/b/a <br> PUBLIX SUPERMARKETS, INC. <br><br>       Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) <br> ) TORTS/JURY DEMAND <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

**COMES NOW** the plaintiff, by and through her undersigned attorney, and files this torts complaint against the above-named Defendant, doing business as **PUBLIX STORE 0505, D/B/A PUBLIX SUPERMARKETS INC. 1625 Pleasant Hill Drive Suite 200, Duluth, Georgia 30096** (hereafter, "The Store") <u>**and**</u> as themselves, being owners or occupiers of the premises where the incident giving rise to this action occurred. This action arose from a September 1, 2019 incident at The Store, which incident was the direct result of the negligence of the defendants and defendants' principals, agents, servants, and employees. Plaintiff seeks a judgment against defendants on the issues of liability and monetary damages. Wherefore, plaintiff states the following:

**1.**

Plaintiff brings this suit under Title 51 of the Official Code of Georgia Annotated, including but not limited to, §51-1-13, and any other statute or common law principle which may apply to the facts of this case.

**2.**

This court has subject matter jurisdiction over the issues in this case and venue is

properly sited in Cobb County, Georgia

3.

PUBLIX SUPERMARKETS, INC. is a foreign Corporation authorized to do business in the State of Georgia. It operates a number of retail stores in Georgia as a d/b/a entity, including The Store; namely, Store 0505, located at 1625 Pleasant Hill Road Suite 200, Duluth, Georgia 30096, believed to be in zip code 30096 (Any future reference herein to "The Store" shall refer to the Publix, located at 1625 Pleasant Hill Road Suite 200, Duluth, Georgia)

4.

Defendant, PUBLIX SUPERMARKETS INC. is subject to the jurisdiction and venue of this court, upon proper service, which may be effected by serving Defendant's registered agent for service, Corporate Creations Network Inc. at its principal office address, 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

5

Store PUBLIX STORE 0505 is a foreign Corporation authorized to do business in the State of Georgia. It operates a number of retail stores as a d/b/a entity, including The Store; namely, Store 0505, located at 1625 Pleasant Hill Road Suite 200 Duluth, Georgia 30096 (Any future reference herein to "The Store" shall refer to the PUBLIX STORE 0505, located at 1625 Pleasant Hill Road Suite 200 Duluth, Georgia 30096. This defendant is also the owner of the premises where The Store is located.

**6.**

PUBLIX STORE 0505 "The Store" sells and serves prepared food to the public.

**7.**

At all relevant times and in all the acts relevant hereto, Defendant has acted either as the principal or agent for themselves and/ or The Store.

**8.**

On September 1, 2019, as she was walking into the entrance at The Store, Plaintiff slipped and fell on the floor of The Store and came into contact with a waxy, slick patch on the floor's hard surface, hereafter referred to simply as "substance."

**9.**

This substance on the floor which caused the floor to be extremely shiny caused Plaintiff to lose traction, resulting in a forcible and violent fall to The Store's floor.

**10.**

When Plaintiff fell to The Store's floor, there was no sign and the substance that caused the traction-loss wet and damaged her clothing.

**11.**

Each of Defendant's employees, servants, agents or other persons designated to act on its behalf knew or should have known that the floor had this waxy substance on it and those persons should have caused it to be removed.

**12.**

Each Defendant's employees, servants, agents or other persons designated to act on its behalf knew or should have known that the waxy substance was on The Store's floor and those persons should have warned patrons of its presence, until it could be removed.

**13.**

Each Defendant's employees, servants, agents or other persons designated to act on its behalf knew or should have known that the waxy substance was on The Store's floor and that it posed a hazard to its patrons; yet, Defendants, their principals, agents, servants and employees all failed and refused to take the steps necessary to place a sign there and clean up the waxy

substance or take other steps to protect The Store's patrons.

**14.**

Plaintiff went into The Store in direct response to Defendants' express and direct invitations and inducements through advertisements, as well as Defendants' implied invitations, inducements and leadings, as contemplated by O.C.G.A.§51-3.

**15.**

When plaintiff went into The Store on September 1, 2019, she enjoyed the status of "invitee," as contemplated by O.C.G.A.§51-3-1.

**16.**

Defendant owed Plaintiff a duty to keep The Store premises and approaches safe through the exercise of ordinary care.

**17.**

Defendant and their principals, agents, servants or employees did not remove (or attempt to remove) the waxy substance from the floor before Plaintiff fell.

**18.**

By failing to remove or attempting to remove the substance from the floor, Defendant, themselves or through their principals, agents, servants and employees, breached their duty Plaintiff to keep The Store premises, approaches and exits safe through the exercise of ordinary care.

**19.**

Defendant and their principals, agents, servants or employees failed to maintain the warning signs in The Store or give any verbal warnings to its invitees about the potential dangerous condition of the floors.

**20.**

By failing to warn invitees about the potential hazard caused by the substance on the floor, Defendant, themselves or through their principals, agents, servants and employees, breached their duty to Plaintiff to avoid unsafe conditions in The Store premises, approaches and exits through the exercise of ordinary care.

**21.**

As a direct result of Defendant's breached duty to keep The Store premises and approaches safe, plaintiff sustained severe injury to her body.

**22.**

Plaintiff was injured so badly that she could not raise herself from the floor, but had to be lifted out by the store personnel, and she transported herself to a nearby hospital emergency room.

**23.**

For months following her injuries, and as a direct result thereof, Plaintiff has continued to be adversely affected by her fall in The Store.

**24.**

Plaintiff incurred medical expenses as a result of her injuries and suffered lost income from her inability to work, which injuries were caused solely by Defendants' breach of their duty to exercise ordinary care to keep The Store's premises safe.

**25.**

All of the acts and omissions complained of herein were committed by Defendant and or their principals, agents, servants or employees in their capacities as principals, agents, servants and employee of Defendants.

**26.**

All of the acts and omissions complained of herein were committed in direct furtherance of, and within the scope of Defendant's business, which acts and omissions fall within the scope of the employment/ authority of Defendant and/or their principals, agents, servants and employees.

**27.**

Under Georgia law, all of the acts and omissions complained of herein are imputed to Defendant, and the doctrine of Respondeat Superior is applicable thereto.

**28.**

In addition to the doctrine of Respondeat Superior, Defendant is responsible for Plaintiff's injuries due to its negligent hiring of persons who would likely fail to keep vigilant watch over The Store's premises and/ or warning signs to The Store's invitees.

29.

In addition to the doctrine of Respondeat Superior, Defendant is responsible for Plaintiff's injuries due to its negligent retention of persons who were either known to have failed or would likely fail to keep vigilant watch over The Store's premises and/or warning signs to The Store's invitees.

30.

Each and every act and/or omission complained of in this complaint was the direct and proximate cause of Plaintiff's injuries, including her pain and suffering, and she is entitled to recover damages therefrom.

31.

Plaintiff is entitled to recover from Defendant for the injuries and damages she sustained as a result of their actions and those of their principals, agents, servants and employees, including, but not limited to, pain and suffering (physical and mental), permanent disability, lost income, other medical expenses and prescription costs.

32.

Plaintiff is entitled to recover from Defendant for the injuries and damages she sustained as a result of the negligent hiring and retention of irresponsible agents, servants and employees; and Defendant's negligent maintenance of The Store's premises, including, but not limited to, pain and suffering (physical and mental), permanent disability, lost income, other medical expenses and prescription costs.

33.

Plaintiff is entitled to recover from Defendant for the injuries and damages she sustained as a result of Defendant's negligent maintenance of The Store's premises, including, but not limited to, pain and suffering (physical and mental), permanent disability, lost income, other medical expenses and prescription costs.

36.

Defendant is liable to the Plaintiff and is obligated to pay Plaintiff for all of the damages she sustained of whatever nature as a result of being injured in The Store on September 1, 2019.

37.

Plaintiff sustained medical bills and other special damages in excess of $15,000.00; damages for her injuries, including permanent-partial disability and physical and psychological pain and suffering in an amount not less than $935,000.00; and other consequential damages in an amount not less than $35,000.00.

Wherefore, Plaintiff prays:

1. That process issue to the Defendant; that the Defendant be properly served; and that the Defendant be required to respond to this complaint;

2. That this matter be tried by jury;

3. That judgment be entered against this Defendant on issues of liability and monetary damages;

4. That Plaintiff be awarded a reasonable money judgment against the Defendant to compensate her for her personal injuries, including premarital partial disability and pain and suffering in an amount not less than $935,000.00;

5. That Plaintiff be awarded a reasonable money judgment against the Defendant to compensate her for consequential damages, in an amount not less than $35,000.00;

6. That Plaintiff be awarded a reasonable money judgment against the Defendant to compensate her for special damages in an amount to be proven at trial, as special damages continue to accrue, but in any event, damages should be awarded in an amount not less than $15,000.00;

7. That Plaintiff be awarded reasonable attorney fees against the Defendant, the costs and expenses of this litigation; and costs of court; and

8. That Plaintiff be awarded against the Defendant such other relief as this court deems just and meeting under the premises.

Respectfully submitted this 25th day of August, 2021.

/s/Charles L. Webb
Charles L. Webb, Esq.
Attorney for the Plaintiff
Georgia Bar No. 743720

**ATTORNEY CHARLES L. WEBB INC.**
Park Ridge 85
2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
770-455-1350 office
770-455-1449 fax
MRCLW1@bellsouth.net